UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GONZALEZ TAMAYO, (A-Number: 244-733-804) | Case No.  1:26-cv-03867-KES-FJS-HC |
| Petitioner, | |
| v. | ORDER ENJOINING RESPONDENTS FROM TRANSFERRING PETITIONER PENDING RESOLUTION OF THIS CASE OR FURTHER ORDER OF THE COURT |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, et al., | ORDER DISMISSING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT |
| Respondents. | |
| | (ECF No. 2) |

On May 20, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order. (ECF Nos. 1, 2.) On May 22, 2026, the district court referred the matter to the undersigned. (ECF No. 5.) The court has reviewed the motion for temporary restraining order. Petitioner asks that the court grant the motion ex parte. Pursuant to Local Rule 231 and Fed. R. Civ. P. 65, a temporary restraining order may only be granted in the absence of actual notice to the affected party in the most extraordinary of circumstances. Here, however, the motion merely requests that Petitioner not be transferred pending the resolution of this matter. (ECF No. 2 at 5-6.) The court has customarily issued such an order on its own authority at the commencement of an immigration habeas case under the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to

1

protect its own jurisdiction." *F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966). The court will do so here as well.

Accordingly, pursuant to the court's express authority under the All Writs Act, pending the court's decision, and unless and until the court orders otherwise, the court ORDERS that Respondents shall not transfer Petitioner out of this district. Petitioner's motion for temporary restraining order is DISMISSED as moot. The court will issue an order directing Respondents to respond to the petition by separate order.

IT IS SO ORDERED.

Dated:    **May 22, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

2